UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Scott-Francis, :Chandler</u>

   v.                                    Case No. 22-cv-373-JL

<u>The State of New Hampshire et al.</u>


**<u>REPORT AND RECOMMENDATION</u>**

Pro se plaintiff Scott Francis Chandler,[1] proceeding in forma pauperis, has filed a complaint (Doc. No. 1) against the State of New Hampshire, the State of New Hampshire Municipal Association, the New Hampshire Bar Association, and 100 "Foreign Corporation Agents."  The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915.[2]

**<u>Standard</u>**

This court conducts a preliminary review of complaints filed in forma pauperis.  <u>See</u> 28 U.S.C. §1915(e)(2).  Claims may be dismissed sua sponte, if, among other things, the court lacks

---

[1] Mr. Chandler's name is rendered several ways in his complaint and other filings, with variant uses of spaces, punctuation and other types of nomenclature. The court refers to him as Mr. Chandler.

[2] Mr. Chandler has also moved for injunctive and other relief. (Doc. Nos. 2 and 4).  Although those motions were denied, the court is considering any well-pleaded facts in these additional filings in reviewing Mr. Chandler's complaint.

jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## **Background**

Mr. Chandler's complaint and other filings are difficult to follow. The gist of his complaint consists of allegations relating to a New Hampshire state court housing action he filed in 2017, see Compl. (Doc. No. 1) at 5, and a pending state court criminal case filed against him. See State v. Chandler, No. 431-2020-cr-1698 (N.H. Cir. Ct., Dist. Div.-Derry). His requested relief is framed in terms of this court intervening in his pending criminal case and/or reversing past decisions of the state court.

A. Subject Matter Jurisdiction

To the extent Mr. Chandler seeks to reverse past decisions of the New Hampshire state courts, this court is without subject matter jurisdiction to address such a claim. As the First Circuit Court Appeals has observed:

> [F]ederal district courts do not sit as "super appellate courts" reviewing errors allegedly committed by a state court. This is so whether the state-court judgment is final, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), or whether, and more forcefully, state proceedings remain pending, as is apparently the case here. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986) (and cases cited therein)

Dempsey v. Massachusetts State, 959 F.2d 230, 1992 WL 60438, at *1 (1st Cir. 1992) (unpublished). Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

B. Colorado River Abstention

In the alternative, and assuming Mr. Chandler seeks intervention in state court civil litigation, Colorado River abstention requires dismissal of this case. The Colorado River abstention doctrine "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 21 (1st Cir. 2010) (citing Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976)). This abstention doctrine "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation.'" Colo. River, 424 U.S. at 817 (citation omitted). Colorado River abstention, which is appropriate in exceptional circumstances, "is to be used sparingly and approached with great caution." Nazario-Lugo v. Caribevisión Holdings, Inc., 670 F.3d 109, 115 (1st Cir. 2012).

Where, as here, a parallel state proceeding is pending, the relevant factors that the federal court may consider in determining whether to abstain, include, but are not limited to, the following:

> "(1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction."

Jiménez, 597 F.3d at 27-28 (citation omitted). The court addresses these factors in turn.

### 1. Jurisdiction over a Res

This factor, the assumption of jurisdiction over a res, is not applicable to this case.

### 2. Geographical Convenience

There is no indication in the complaint that this court's location in Concord, New Hampshire is any more convenient to the

parties and counsel in the parallel litigation than the state court in Derry, New Hampshire, or the state Supreme Court in Concord.  This factor, therefore, has no impact on the court's analysis.

### 3. Avoiding Piecemeal Litigation

The next factor at issue in the abstention analysis is an interest in avoiding piecemeal litigation. "'[C]oncerns about piecemeal litigation . . . focus on the implications and practical effects of litigating suits deriv[ed] from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other.'" Jiménez, 597 F.3d at 29 (citation omitted).  This action is not only "derived from the same transaction" as the state court cases, it is an attempt to litigate – or re-litigate - those cases in this court.  The state court cases have proceeded further than this case.  Any rulings in this court necessarily create a strong likelihood of inconsistent rulings.  To avoid the risk of potentially inconsistent rulings on identical issues, this factor favors abstention.

### 4. Order in Which the Forums Obtained Jurisdiction

The state court actions Mr. Chandler references in his Complaint predate this case.  That factor favors abstention. Cf. Jiménez, 597 F.3d at 31 ("absence of any federal proceedings

5

beyond a motion to dismiss favors the surrender of jurisdiction") (citing Colo. River, 424 U.S. at 820).

### 5. Whether State or Federal Law Controls

Although Mr. Chandler makes passing reference to federal civil rights and anti-trust laws, see, e.g., Compl. (Doc. No. 1) at 3, a full and fair reading of his complaint shows that he is seeking review of what he considers to be legally erroneous state law rulings in at least two state court cases.  It "is only in 'rare instances' that the presence of state-law issues creates any momentum toward deferring to pending local litigation under the Colorado River doctrine."  Nazario-Lugo, 670 F.3d at 118 (citation omitted).  This factor, therefore, favors abstention.

### 6. Adequacy of State Forum

Other than his dissatisfaction with its rulings, Mr. Chandler identifies no inadequacies in the New Hampshire state forum, nor is there any indication that his appellate rights would be diminished.  Therefore, this factor favors abstention.

### 7. Vexatious or Contrived Nature of the Federal Claim

As the court does not find plaintiff's complaint to be vexatious or contrived, this factor neither favors nor disfavors abstention.

### 8. Respect for Removal Principles

This factor is not applicable to this case.

In sum, the bulk of relevant factors support application of the Colorado River doctrine to this case and warrant the court declining to exercise jurisdiction over Mr. Chandler's claims.

C. Younger Abstention

As Mr. Chandler's complaint implicates a state criminal proceeding, the Younger abstention doctrine also comes into play.

> Absent extraordinary circumstances, [the] "interests of comity and federalism instruct [federal courts] to abstain from exercising our jurisdiction in certain circumstances when ... asked to enjoin ongoing state enforcement proceedings." [Abstention under Younger v. Harris, 401 U.S. 37 (1971),] "is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." But "even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'"
>
> Page v. King, 932 F.3d 898, 901-902 (9th Cir. 2019)

(internal citations omitted).

Here, all four Younger factors favor abstention, and Mr. Chandler's submissions do not persuade the court that he is the victim of bad faith or harassment, or that any other extraordinary circumstances exist such that abstention would be inappropriate.

### **Conclusion**

Based on the foregoing, the district judge should dismiss Mr. Chandler's complaint (Doc. No. 1) for lack of subject matter jurisdiction, or, in the alternative, pursuant to the Colorado River and/or Younger abstention doctrines. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                          _____
                                                          Andrea K. Johnstone
                                                          United States Magistrate Judge

November 10, 2022

cc: Scott-Francis Chandler, pro se